[Civ. No. 44345. First Dist., Div. Four. Nov. 16, 1978.]

In re AMOTT M., a Minor.
HELEN M. HOTELLING, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
AMOTT M., Defendant and Appellant.

**COUNSEL**

Cooley, Elrick & Grupp and Leal A. Grupp for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and Ina Levin Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHRISTIAN, J.**—Amott M. was subjected to the jurisdiction of the juvenile court upon a finding that he had possessed marijuana (Health & Saf. Code, § 11357). After a dispositional hearing he was committed to the juvenile hall for 30 days. On appeal to this court, the order of commitment was reversed with directions to render a new commitment

order in compliance with the principles set out in *In re Aaron N.* (1977) 70 Cal.App.3d 931 [139 Cal.Rptr. 258]. The court conducted a further hearing and rendered a new order, as follows: "Minor committed to the Napa County Community Work Program for a period of 30 8-hour work days. However, for every 8 hours or fraction thereof that minor does not complete, he shall be detained 24 hours in the Napa County Juvenile Hall." The present appeal followed.

■ Appellant states that the commitment to a work program is effectively an improper commitment to a county jail facility. But the issue is not pressed, appellant declaring in his brief that he "does not really desire to have this case sidetracked on this issue." In any event, the point has no merit as there is nothing to show that the "Community Work Program" mentioned in the court's order is in fact a county jail facility.

■ Appellant also contends that when the juvenile court, in compliance with this court's directions, took further proceedings as required in *In re Aaron N., supra,* 70 Cal.App.3d 931, a disposition based on the entire record of the minor was improper. The theory is that the court should have given notification of its intention to consider the entire record before the jurisdictional hearing. This contention is entirely unsupported by authority. The purpose of the notification called for in *In re Aaron N., supra,* is not to assist the minor in making a tactical decision whether to admit or deny the allegation of the petition but to enable the minor, in the dispositional hearing, to meet and explain derogatory material in the "entire record." Therefore, notice of intention need not be given before the jurisdictional hearing. It is only required that such notice be given and the minor afforded an opportunity to be heard "prior to the commitment." (*In re Aaron N., supra,* at p. 941.) There was no error.

The order is affirmed.

Caldecott, P. J., and Brunn, J.,* concurred.

A petition for a rehearing was denied December 1, 1978.

---

*Assigned by the Chairperson of the Judicial Council.